UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE DONELL PERKINS, | No. 2: 22-cv-2055 KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| F. HARTWICK, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action. Pending before the court is plaintiff's "request to proceed under in forma pauperis previously granted." (ECF No. 1 at 7.) Plaintiff contends that he should not be required to pay another filing fee for this action raising claims that were previously dismissed based on his failure to exhaust administrative remedies.[1] (Id.) For the reasons stated herein, the undersigned recommends that plaintiff's request be denied.

Plaintiff filed his complaint on November 15, 2022. (Id.) The only named defendant is Correctional Officer Hartwick. (Id. at 2.) Plaintiff alleges that on December 7, 2017, defendant

---

[1] Prisoners granted in forma pauperis status are assessed an initial partial filing fee of 20 percent of the greater of (a) the average monthly deposits to their trust account; or (b) the average monthly balance in their account for the 6-month period immediately preceding the filing of their action. 28 U.S.C. § 1915(b)(1). Thereafter, they are obligated to make monthly payments in the amount of twenty percent of the preceding month's income credited to their trust accounts.

1

Hartwick used excessive force against plaintiff. (Id. at 3.) Plaintiff did not file an in forma pauperis application.

In the pending request, plaintiff alleges that his application to proceed in forma pauperis was granted in a previous action filed in this court, 2:18-cv-3156 JAM JDP P. (See 18-cv-3156 at ECF No. 11.)² In 18-cv-3156, plaintiff raised the same claim against defendant Hartwick that is raised against defendant Hartwick in the instant action. (See 18-cv-3156 at ECF No. 11 (screening order)). On October 14, 2021, the court granted defendant's summary judgment motion in case 18-cv-3156 based on plaintiff's failure to exhaust administrative remedies. (See 18-cv-3156 at ECF Nos. 49, 50.)

In the instant action, plaintiff contends that he has now exhausted administrative remedies as to his claim against defendant Hartwick. (ECF No. 1 at 3.)

In the pending request, plaintiff contends that he should not be required to file another application to proceed in forma pauperis in the instant action. (Id. at 7.) Plaintiff contends that the in forma pauperis application granted in case 18-cv-3156 should be applied in the instant action. (Id.) In support of this argument, plaintiff cites Owens v. Keeling, 461 F.3d 763 (6th Cir. 2006).

In Owens, a prisoner refiled a Section 1983 complaint against various prison officials after the district court dismissed his initial complaint without prejudice for failure to exhaust. Owens, 461 F.3d at 772. The prisoner claimed that he should not have to pay a second filing fee in connection with the second case. Id. at 772. Agreeing, the Sixth Circuit held that "when a prisoner 'refiles' a complaint raising the same prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." Id. at 773. The court previously held that prisoners filing suits concerning prison conditions were required to allege and show that they had exhausted all available state remedies. Id. at 773. District courts were instructed to enforce the exhaustion requirement sua sponte if defendants did not raise it by dismissing the complaint

---

² The court may take judicial notice of pleadings from related litigation. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).

when the prisoner did not meet this pleading requirement. Id. at 773. The court determined that this heightened pleading standard allowed federal district courts to avoid time-consuming evidentiary hearings and responsive pleadings. Id. at 773. The court concluded that "[a] prisoner who 'refile[s]' a complaint alleging the same claims regarding prison conditions after it was initially dismissed without prejudice for failure to exhaust is not 'instituting' a suit, but is merely following the particular procedure chosen by this court for curing the initial complaint's deficiency." Id. at 773. Accordingly, the court directed the district court to reimburse the prisoner the $150.00 he paid when he refiled his complaint.

In Slaughter v. Carey, 2007 WL 1865501 (E.D. Cal. June 28, 2007), a prisoner sought reimbursement of filing fees on the grounds that his previous action, naming the same defendants and claims, was dismissed for failure to exhaust administrative remedies. 2007 WL 1865501, at *1. In support of this argument, the prisoner in Slaughter cited Owens. Id. Former Magistrate Judge Drozd, who has since been elevated to the District Court, rejected the prisoner's argument, finding Owens inapplicable. Id. The undersigned agrees with the reasoning of Judge Drozd in Slaughter and adopts it herein.

In Slaughter, Judge Drozd found that unlike the plaintiff in Owens, the plaintiff in Slaughter was not subject to the heightened-pleading standard the Sixth Circuit then required prisoners to meet by pleading and demonstrating exhaustion. 2007 WL 1865501, at *1. Judge Drozd observed that in the Ninth Circuit, defendants have always borne the burden of raising and proving the affirmative defense of failure to exhaust. Id. (citing Wyatt v. Terhune, 315 F.3d 1108, 1119 & n. 13 (9th Cir. 2003).) "Thus, courts in the Ninth Circuit typically determine whether the plaintiff has exhausted his administrative remedies after defendants have been served and both parties have filed responsive pleadings." Id. In Slaughter, Judge Drozd noted that the Supreme Court has since invalidated the heightened pleading requirement discussed in Owens. Id. at n. 1 (citing Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude the failure to exhaust is an affirmative defense under the [Prison Litigation Reform Act], and that inmates are not required to specially plead or demonstrate exhaustion in their complaints.").)

Based on Judge Drozd's reasoning in Slaughter, plaintiff's request to proceed under the

application to proceed in forma pauperis previously granted in case 18-cv-3156 should be denied. In case 18-cv-3156, as discussed above, the court granted defendant's summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies. Given the time and resources spent by the court addressing case 18-cv-3156, "it is entirely appropriate that [plaintiff] be required to pay the filing fee in both cases." Id. at 2.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that plaintiff's request to proceed under the previously granted in forma pauperis application be denied; and plaintiff be ordered to file an in forma pauperis application within thirty days of the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 2, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE